# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN DOE,<br>　　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF JUSTICE,<br>　　　　　　　Agency. | DOCKET NUMBER<br>CH-0752-14-0332-R-1<br><br><br><br>DATE: September 23, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

J. Michael Hannon, Esquire, Washington, D.C., for the appellant.

Jay Macklin, Esquire and Kimya Jones, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　This matter is before the Board on the parties' joint request to reopen a final Board decision for the purpose of entering a settlement agreement into the record

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for enforcement. Reopening Appeal File (RAF), Tabs 1-2. For the reasons set forth below, we REOPEN the appeal pursuant to 5 C.F.R. § 1201.118, and GRANT the joint reopening request for the limited purpose of accepting the parties' settlement agreement into the record for enforcement.

¶2    In an Opinion and Order, the Board issued a final decision that affirmed the initial decision reversing the appellant's removal. *See Doe v. Department of Justice*, 123 M.S.P.R. 90 (2015). Thereafter, the parties reached a settlement agreement and filed a joint motion to reopen the appeal for the express purpose of entering the settlement agreement into the record for purposes of enforcement. RAF, Tabs 1-2.

¶3    Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties have, in fact, entered into a settlement agreement, that they understand the terms, and that they want the Board to enforce those terms. *See* RAF, Tabs 1-2.

¶4    In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face, whether the parties freely entered into it, and whether the subject matter of this appeal is within the Board's jurisdiction, that is, whether a law, rule, or regulation grants the Board the authority to decide such a matter. *See Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997). We find here that the agreement is lawful on its face, that the parties freely entered into it, and that the subject matter of this appeal—the removal of a full-time nonprobationary Federal employee in the excepted service—is within the Board's jurisdiction under 5 U.S.C. §§ 7511-7513. *See* 5 U.S.C. § 7511(a)(C)(i); *Doe v. Department of Justice*, 118 M.S.P.R. 434 (2012); Petition for Review File, Tab 6 at 1. Accordingly, we find it appropriate under these circumstances to reopen this

appeal and grant the parties' joint request for the limited purposes of entering the settlement agreement into the record for purposes of future enforcement.

¶5    This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulation, section 1201.113 (5 C.F.R. § 1201.113)

## NOTICE TO THE PARTIES OF THEIR
## ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal.  The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties.  5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                       _____
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.